Marc E. MANDEL

v.

The BOSTON PHOENIX, INC., et al.

Civil Action No. 03–CV–10687–RGS.

United States District Court, D. Massachusetts.

June 29, 2007.

Jennifer J. Coyne, Stephen J. Cullen, Miles & Stockbridge, P.C., Towson, MD, Jennifer M. Schwartzott, Miles & Stockbridge, P.C., Baltimore, MD, Mary Alys Azzarito, Solo Practitioner, Salem, MA, for Marc E. Mandel.

Daniel J. Gleason, Nutter, McClennen & Fish, LLP, Boston, MA, Robert L. Hanley, Nolan, Plumhoff & Williams, Chartered, Towson, MD, for The Boston Phoenix Inc., The Phoenix/Media Communications Group, Inc., Peter Kadzis, Susan Ryan–Vollmar, and Kristen Lombardi.

Rebecca L. Sipowicz, Nutter, McClennen & Fish, LLP, Boston, MA, for The Boston Phoenix Inc., The Phoenix/Media Communications Group, Inc., Peter Kadzis, Susan Ryan–Vollmar, Kristen Lombardi, and The Boston Phoenix, LLC.

Kimberley Keyes, Robert A. Bertsche, Prince, Lobel Glovsky & Tye LLP, Boston, MA, for Susan Ryan–Vollmar and Kristen Lombardi.

Paige A. Scott Reed, Prince, Lobel, Glovsky & Tye LLP, Boston, MA, for Kristen Lombardi.

## MEMORANDUM ON PLAINTIFF'S MOTION TO CLARIFY THE STANDARD OF PROOF

STEARNS, District Judge.

This case arose out of a defamatory article published in a January of 2003 edition of the Boston Phoenix, a weekly metropolitan newspaper, in which plaintiff Marc Mandel, at the time a Maryland Assistant State's Attorney, was portrayed as a molester of his two minor children. The case proceeded to a trial before a jury, which returned a substantial verdict for Mandel. The verdict was thereafter vacated by the First Circuit Court of Appeals and remanded for retrial. On remand, the case was transferred to this session of the district court.

The essential underlying facts, the procedural background, and the *ratio decidendi* of the Court of Appeals are set out in *Mandel v. The Boston Phoenix, Inc.*, 456 F.3d 198 (1st Cir.2006). Essentially, the First Circuit faulted the trial court for prematurely deciding on a less than complete factual record that Mandel, in his role as an Assistant State's Attorney, was a private figure and not a public official for libel-law purposes and then instructing the jury accordingly.[1] In remanding the case, the Court of Appeals ordered the trial court to make the status determination only after a full development of the relevant facts, even if that might mean deferring the determination to the time of trial. *Mandel,* 456 F.3d at 207. No restrictions,

---

1. The distinction is one, as the First Circuit noted, of profound consequence in a First Amendment context as it determines whether a plaintiff need prove only negligence on the defendant's part or must show actual malice.

*Compare New York Times Co. v. Sullivan,* 376 U.S. 254, 279–280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), with *Stone v. Essex County Newspapers, Inc.,* 367 Mass. 849, 858, 330 N.E.2d 161 (1975).

however, were placed on the trial court's choice of method in assembling the factual record.[2]

After a hearing on the issue, this court decided that it would benefit neither counsel nor the jury to try the substantive case without a pretrial ruling as to whether the case would proceed on a theory of negligence or on one of actual malice. Consequently, the court ordered the case bifurcated. A nonjury trial on the issue of status determination commenced on March 29, 2007. The court heard testimony from Mandel, from two of his former supervisors (Assistant State's Attorneys with decades of collective experience), and from the Honorable Barbara Kerr Howe, a retired Maryland judge who had presided in, among other courts, the state District Court in which Mandel had worked as a prosecutor. At the conclusion of the trial, the court pronounced its decision *ore tenus*, ruling that Mandel, while serving in the capacity of an Assistant State's Attorney, was a public official for First Amendment defamation purposes.

■ The correctness of the court's status determination is not questioned by the present motion. The issue is much narrower: what standard of proof did the court apply in making that determination? And did the court make the right choice? These questions will be answered now.

At the outset of the trial, the court agreed with Mandel's counsel that defendants bore the burden of proving Mandel's status as a public official.[3] The following

colloquy occurred between the court and counsel.

MR. CULLEN: In my submission, your Honor, the defendants have the burden of proof in this bifurcated trial. The First Circuit case law is clear that in an issue of the status of whether or not Mr. Mandel is a public official, that burden rests squarely with the defendant. So in my submission they should proceed first.

In addition, with respect to the standard for that burden, the Supreme Court in *Gertz*, as your Honor knows, make it abundantly clear that the standard is as follows: That the defendant must produce clear evidence so—

THE COURT: What do you think "clear evidence" is?

MR. CULLEN: Well, I raise that issue because it doesn't—*Gertz* does not talk about in the context of status for First Amendment purposes. *Gertz* does not state a clear and convincing evidence standard, nor does it say by a preponderance of the evidence standard.

So I wanted to raise that issue at the outset, your Honor, because I think it may be something the Court will have to address before it, you know, considers the evidence.

The *Gertz* case does not go any further than saying, absent clear evidence of the status being established by the person who is seeking to establish that he's a public figure or public official status.

THE COURT: Do you think it means a lot of evidence, uncontradicted evidence?

---

**2.** The status determination, while intensely factbound, is ultimately a question of law that is decided by the court and not the jury. *Mandel*, 456 F.3d at 207.

**3.** As the court later observed in rendering its decision, there are good reasons for placing the burden of proof on a defendant. First, as a legal matter, "[p]ublic figure status sounds

more ... in the nature of an affirmative defense than it does a part of a *prima facie* case." And second, "there might be sound reasons of public policy for placing the burden of care on a person who makes a statement that is arguably susceptible to a defamatory meaning."

I mean, it's a very vague standard. I assume it means the Court is expected to be reasonably certain that there is evidentiary support for its conclusion. MR. CULLEN: I would submit that's correct, your Honor.

■ As the inquiry to plaintiff's counsel may indicate, the court is doubtful that there is such a standard of proof as "clear evidence." In the context of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the case referenced in the colloquy, the Supreme Court used the phrase in a discussion of the quality of the evidence required to establish a citizen's status as a public figure. As the Court noted, a citizen's participation in community and public affairs does not render him a public figure for all purposes. "Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, an individual should not be deemed a public personality for all aspects of his life." *Gertz*, 418 U.S. at 352, 94 S.Ct. 2997. Putting aside the palpable differences between a public figure, who is defined more by the event, and the public official, who is defined principally by his office, the Court in *Gertz* was clearly addressing an issue different than that of the legal burden of proof to be applied.

In the *Mandel* case itself, the First Circuit used the phrase "sufficient evidence" in describing the quantum of evidence required to establish public official status. *Mandel*, 456 F.3d at 207. This to my mind means that the determination must be supported by evidence sufficiently powerful to establish "the actual truth of the proposi-

tion to be proved"—the familiar standard of proof by a preponderance of the evidence. *See Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250, 29 N.E.2d 825 (1940). The meaning of the term "clear and convincing" evidence—evidence "so clear as to leave no substantial doubt"—is equally familiar and well-defined. *See Barboza v. McLeod*, 447 Mass. 468, 473, 853 N.E.2d 192 (2006). Had the Supreme Court or the First Circuit intended that a standard of "clear and convincing" evidence be applied in determining whether a plaintiff in a defamation case was or was not a public official, I am confident that they would have explicitly so held.[4] In sum, in ruling that Mr. Mandel's status and function as an Assistant State's Attorney rendered him a public official, the court applied a preponderance of the evidence standard.[5]

SO ORDERED.

[4] The Supreme Court did plainly say so in holding that in a First Amendment defamation case a public official must prove "actual malice" by "clear and convincing evidence." *See Murphy v. Boston Herald, Inc.*, 449 Mass. 42, 48, 865 N.E.2d 746 (2007).

[5] As defendant notes, a leading treatise on the tort of defamation supports the view that a preponderance of the evidence standard is to be applied in making public status determinations. *See* Robert D. Sack, *Sack on Defamation* § 1.5, at 5–67 (3d ed.2007).